OPINION of the Court, by
Judge Logan
Russell, the appellee, had sold two lots in the town of Tori *175 William to the appellant, for a sum to be paid “ at the making of the title for said lots,” and appointed an agent to convey them, but whose authority was not by deed ; who, notwithstanding, prepared and tendered a deed of conveyance to Plummer, the appellant, and instituted suit, and recovered a verdict and judgment for the purchase money.
The legal tí-tie to land can* not be convey® ed from one to another by warrant of attorney unlefs íucik, power of atrori ney be giren btf deed*
From which judgment Plummer prosecutes this appeal.
Among the exceptions taken to Russell’s right to recover, and which is brought up to this court to decide, is this, whether the authority of the agent was sufficient to pass the estate in fee from Russell to Plummer for said lots.
U is true that competent power, executed in legal order, may be delegated by ohe to another, to pass from him an estate of inheritance in lands. But this delegation of power must, by the law of the land, be by deed- 1 Bac. 314. A deed is ⅜ writing sealed and delivered by the party ; and is so called because from the impression or distinguishing characteristic which it bears in testimony of its authenticity and deliberate execution, and is the most solemn act that can be performed in the disposal of property, and therefore always estops the person giving it from contradicting what he has once thus solemnly and deliberately avowed.
By the common law, livery of seisin was essential to pass an estate in fee in lands, on account of the notoriety which was supposed to attach to that mode of conveyance among the people in general, who might there- , by be better able to know and try in whom the right of possession was, if tpe land should become contested.
But livery of seisin could not be performed by warrant of attorney, except by deed, because it related to matter of freehold — Co. Lit. 48 c, 52 b.
Now this mode of passing the inheritance in lands from one t® another having been rendered unnecessary by statutory provisions, by resorting to our statute on the subject, we shall still find, that “ no estate of inheritance or freehold, in lands or tenements, shall be conveyed from one to another, unless the conveyance he declared by writing, sealed and delivered” — 1 Brad. 286,
Still retaining the ceremony of sealing as indispensa-fele to p%ss the jph^ritance. But whilst the statute, 2f *176 H. 8, of the Virginia legislature, passed in 1?84, and of our own state, passed in 1796, have all virtually dispensed with the ceremony of livery of seisin, yet they all retain and expressly require that distinguishing act which characterises the deed, a seal; which was essential iti the livery of seisin by warrant of attorney, because it related to matter of freehold, and which, in passing the inheritance under statutory provision by warrant of attorney, is no where dispensed with.
As by the act of assembly the inheritance in lands cannot pass from the legal owner and vest in another, except by Reed or a writing under seal, so it seems that that quality of estate cannot pass from the owner through the medium of an agent, except by deed. T-Ve are therefore of opinion that the complete legal title to land cannot be transferred from one to another by warrant of attorney, unless such power be by deed.
Much has been said in the argument of the cause with respect to the hardships which might result from this opinion: but the court cannot disregard the law to save such consequences. If the deed of conveyance itself were without seal, the hardest imaginable case might arise therefrom ; but surely the court could not tnerefore dispense- with the law and pronounce the legal title to have passed, when the law declares that no Such estate shall pass without deed. Injurious consequences may sometimes serve to enable the court to ascertain the true meaning ®f the law. But it may here be remarked, that any injury which may arise in this case, does not result from a defect in the law ; btt rather from the act of the party. If the power had been a verbal one, and the agent had, pursuant thereto, prepared and tendered a deed, similar consequences might have resulted therefrom, notwithstanding the injuries would be properly imputable to the act of the party.
We deem it unnecessary to decide upon the other points in the cause. There is one question which may be of some importance to the parties that it should be now settled. It is this, whether the relinquishment of dower was necessary to discharge Russell’s obligation, in order to entitle him to his actian for the pur« chase money.
But from the manner in which the matter of fact in regard to this question of law was brought before A© *177 ,sourt below, and the evidence in relation thereto, combined with the importance of the subject in a general view, and a disposition of the court to yield it much farther consideration, vVe have thought it most proper to leave it undecided.
Judgment of the circuit court reversed, and the caus« remanded to said court, that a new trial may be had therein, upon the payment of costs by the defendant in the court below, See.